FILED

2017 Mar-23 AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY WOODRUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:16-cv-00281-SGC |
| | ) | |
| BLUE CROSS AND BLUE SHIELD | ) | |
| OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

This is an ERISA benefits case. The plaintiff, Jeffrey Woodruff, was a beneficiary of an employee welfare benefit plan (the "Plan") maintained by defendant Southern Company Services, Inc. Healthcare Plan ("S.C."), and administered by defendant Blue Cross and Blue Shield of Alabama ("Blue Cross"). Presently pending are S.C.'s and Blue Cross's motions to dismiss certain claims. (Docs. 9, 10). The motions are fully briefed and are ripe for adjudication. (*See* Docs. 14, 15, 17). For the reasons that follow, the motions will be granted.

This matter arises from the defendants' denial of claims and refusal to pay for proton therapy prescribed to treat the plaintiff's recurring prostate cancer. (Doc. 4). The amended complaint asserts one claim for ERISA violations and

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(b). (Doc. 18).

seeks reimbursement for treatment, "make whole" relief, and other forms of relief. (*Id.* at 4-5).  Both defendants' motions seek dismissal of any equitable claim for breach of fiduciary duty arising under 29 U.S.C. § 1132(a)(3), including the plaintiff's prayer for "make whole" relief.  (Doc. 9 at 2-3; Doc. 10 at 2).  The defendants contend equitable remedies are unavailable here because there is an adequate remedy in the form of benefits.  (Doc. 9 at 2-3; Doc. 10 at 4-5).  In response, the plaintiff argues: (1) equitable relief is available from both defendants under the Supreme Court's opinion *Cigna Corp. v. Amara*, 563 U.S. 421 (2011); and (2) equitable relief is available against Blue Cross due to an allegation in the amended complaint concerning Blue Cross's claim administration.  (Doc. 14).

## I.    <u>Standard of Review</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (*quoting Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.   <u>Discussion</u>

The defendants contend equitable remedies are unavailable here because there is an adequate remedy in the form of benefits.  (Doc. 9 at 2-3; Doc. 10 at 4-5).   A claim under § 1132(a)(1)(B)[2] is essentially a breach of contract claim,

---

[2] Section 1132(a)(1)(B) provides: "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

allowing a plaintiff to recover past benefits due or clarify future benefits owed. *See Tabb-Pope v. SAN, Inc.*, No. 12-2139-AKK, 2013 WL 5707327, at \*5–7 (N.D. Ala. Oct. 21, 2013) (adopting Report and Recommendation). In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court held that individual plan participants and beneficiaries could assert claims for equitable relief under § 1132(a)(3)[3] but only where no appropriate relief was available under ERISA's other civil enforcement provisions. *Id.* at 512 (describing § 1132(a)(3) as a "catch all" provision). The Eleventh Circuit has applied *Varity* to hold an ERISA plaintiff cannot alternatively plead claims under § 1132(a)(3) where § 1132(a)(1)(B) provides an adequate remedy. *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1988-89 (11th Cir. 1999).

The Eleventh Circuit has further held that the facts alleged in the complaint determine whether the claim falls under § 1132(a)(1)(B) or § 1132(a)(3). *See Jones v. Am. Gen. Life & Accident Ins. Co.,* 370 F.3d 1065, 1073 (11th Cir. 2004). Under *Jones*, the court must consider whether a plaintiff "has a cause of action, based on the same allegations, under the more specific remedial provisions of ERISA." *Beckham v. Liberty Life Assur. Co. of Boston*, 4 F. Supp. 3d 1266, 1269 (M.D. Ala. 2014) (quoting *Ferrell v. Capitol City Bank and Co.,* No. 13-0240,

---

[3] Section 1132(a)(3) states: "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to address such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

2013 WL 5781657, at *3 (N.D. Ga. Oct. 25, 2013)).  If the allegations entitle the plaintiff to more specific ERISA remedies, the "catch all" equitable remedies provided by § 1132(a)(3) are unavailable.  *Id.*  Accordingly, a district court must consider whether the allegations supporting a § 1132(a)(3) claim would also support a claim under § 1132(a)(1)(B).  *Jones*, 370 F.3d at 1073-74.

In response to the defendants' motions to dismiss the plaintiff argues: (1) equitable relief is available from both defendants under the Supreme Court's opinion *Cigna Corp. v. Amara*, 563 U.S. 421 (2011); and (2) equitable relief is available against Blue Cross due to an allegation in the complaint concerning Blue Cross's claim administration.  (Doc. 14).  Each argument is addressed in turn.

### A.    Equitable Claims Against Both Defendants Based on *Amara*

In *Amara*, fiduciaries of an ERISA plan made disclosures which misled beneficiaries about a change in the plan which resulted in fewer benefits.  The district court dismissed the plaintiff's § 1132(a)(3) equitable claims and reformed the plan under § 1132(a)(1)(B).  The Supreme Court reversed the district court, finding that § 1132(a)(1)(B) did not authorize reformation—traditionally, an equitable remedy—and instead holding that the relief should be considered under § 1132(a)(3).  *Amara*, 563 U.S. at 441-42.  Specifically, the Court found that because the plaintiffs sought relief that did not implicate the terms of the plan for purposes

of § 1132(a)(1)(B), the plaintiffs sought equitable relief under ERISA's catchall provision. *Id.*

Here, the plaintiff contends his claims for equitable relief are permissible under *Amara*; by way of argument, he quotes extensively from *McCravy v. Metropolitan Life Ins. Co.*, 690 F.3d 176, 180 (4th Cir. 2014), a Fourth Circuit opinion applying *Amara*. (Doc. 14 at 4-6). In *McCravy*, the plaintiff sued Metropolitan Life when it denied her claim for life insurance benefits under an employer-provided plan following the death of her daughter. Although Metropolitan Life had been accepting premium payments, it denied the claim because the plaintiff's daughter was no longer an eligible dependent at the time of her death. The Fourth Circuit found not only that the plaintiff could proceed under § 1132(a)(3), but that she could recover damages in excess of the premiums paid. *Id.* at 182-83.

The instant case is factually distinct from the circumstances presented in *Amara* and *McCravy*. While the plaintiff in *Amara* alleged a misrepresentation about the terms of the plan, the plaintiff here alleges the defendants' improperly denied benefits under the Plan as written. *See Beckham*, 4 F. Supp. 3d at 1271. Similarly, the plaintiff in *McCravy* alleged the defendant misrepresented that her daughter was covered under an employer-provided life insurance plan before denying a claim under the plan due to the daughter's ineligibility for benefits.

Accordingly, contract remedies were not available to the plaintiff in *McCravy*; any relief would come via equitable remedies. The plaintiff here makes no such allegations.  Indeed, the allegations in the amended complaint focus on the defendants' application of the Plan's terms in denying the plaintiff's claims for benefits.[4]  *See Beckham*, 4 F. Supp. 3d at 1271 (refusing, in light of *Varity*, to extend *Amara* by allowing the plaintiff "to proceed on a claim for benefits and also equitable relief for misrepresentation as to the fiduciary's actions in *applying* the plan, rather than a representation as to the *terms* of the Plan") (emphasis in original).  Accordingly, because the amended complaint asserts a claim for benefits under §1132(a)(1)(B), the plaintiff's claims for equitable relief are due to be dismissed, *Amara* and *McCravy* notwithstanding.  *See Tabb-Pope*, 2013 WL 57073237 at *6-7.

## B.    Allegations Based on Claim Administration[5]

In response to Blue Cross's motion to dismiss, the plaintiff relies on the allegations included in paragraph seventeen of the amended complaint. Specifically, the amended complaint alleges:

---

[4]  The central allegations in the amended complaint are that the defendants: (1) "denied Plaintiff's health claims and refused to pay for Plaintiff's cancer treatment;" (2) "denied Plaintiff's appeal" of that decision; (3) "had a duty to pay benefits under the health plan;" (4) "failed to pay the Plaintiff's health insurance benefits under the terms of the health plan;" and (5) "failed to pay Plaintiff's medical bills for his proton therapy cancer treatment."  (Doc. 4 at 2-4).

[5] While the plaintiff does not explicitly concede that these allegations are limited to Blue Cross, review of the allegations reveals that they are.  Additionally, it is undisputed that the Plan has delegated claims administration to Blue Cross.  (Doc. 4 at 2).

> On March 20, 2014, Defendant BCBS stated that Plaintiff's Proton therapy medical facility "is a preferred provider with their local Blue Cross and Blue Shield Plan."  Upon information and belief, Defendant BCBS failed to notify the "local" Blue Cross and failed to pay Plaintiff's health care benefits.  In the March 20, 2014 letter, BCBS does not explain that Plaintiff was under insurance contract with BCBS, and not the other "local" Blue Cross.

(Doc. 4 at 3).  As the plaintiff would have it, this allegation provides a vehicle for equitable relief because it constitutes a claim procedure that is outside the plan—an omitted disclosure giving rise to an equitable remedy.  (Doc. 14 at 3-4).

Analysis of this allegation does not support a claim for equitable relief. Boiled down, this allegation is that BCBS owes the plaintiff an individualized plan benefit which BCBS has wrongfully withheld.  This is essentially a breach of contract claim for which § 1132(a)(1)(B) provides a remedy.  *See Caudle v. Life Ins. Co. of N. Am.*, 33 F. Supp. 3d 1288, 1295-96 (N.D. Ala. 2014) (no breach of fiduciary duty claim where complaint alleged defendants failed to inform her about plan benefits and failed to enforce plan as written); *Beckham*, 4 F. Supp. 3d at 1271 (no breach of fiduciary duty claim where plaintiff complained of denial of benefits under the plan); *Smith v. Life Ins. Co. of N. Am.,* No. 13-2047-VEH, 2014 WL 1330936 (N.D. Ala. Mar. 31, 2014) (dismissing claims for breach of fiduciary duty where complaint concerned benefits withheld); *Tabb-Pope*, 2013 WL 5707327 at *6-7 (same); *see also Ogden v. Blue Bell Creameries U.S.A., Inc.,* 348 F.3d 1284, 1287 (11th Cir. 2003) ("following *Varity* federal courts have uniformly concluded

that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3)") (quoting *Larocca v. Borden, Inc*., 276 F.3d 22, 28 (1st Cir. 2002) (alteration incorporated)).  Accordingly, the allegations in the amended complaint regarding statements Blue Cross made about proton therapy will not support a claim for equitable relief under § 1132(a)(3).

III.  **Conclusion**

For all of the foregoing reasons, the plaintiff has not plausibly pled a claim for breach of fiduciary duty that can survive scrutiny under *Varity*.  Accordingly, the defendants' partial motions to dismiss (Docs. 9-10) are **GRANTED** and any claims for equitable relief are **DISMISSED**.

**DONE** this 23rd day of March, 2017.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE